UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LESLIE MAIRE CORRON,**

        **Plaintiff,**

v.                                                                                                  Case No:  6:12-cv-1623-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

      The Plaintiff Leslie Maire Corron (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) failing to state with particularity the weight given to the opinions of Axel W. Anderson, III., M.D., and Alvan M. Barber, M.D., or alternatively, by failing to demonstrate good cause supported by substantial evidence for rejecting Dr. Anderson's opinion (Doc. No. 18 at 12-15); (2) rejecting Dr. Ramon O. Martinez, M.D.'s opinion without articulating reasons supported by substantial evidence (Doc. No. 18 at 18-20); and (3) failing to provide specific and adequate reasons for finding Claimant's subjective statements not credible (Doc. No. 18 at 22-24).  For the reasons set forth below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     ANALYSIS.**

The dispositive issue in this case is the ALJ's handling of the medical opinion evidence throughout the ALJ's decision.  Claimant's central argument is that the ALJ erred by failing to state with particularity the weight given to the opinions of Dr. Anderson, Claimant's long-time treating physician, and Dr. Barber, a consultative examining physician.  Doc. No. 18 at 12-13. More specifically, Claimant maintains that the ALJ erred because he accorded both opinions "appropriate weight," which fails to comply with the ALJ's duty to state with particularity the weight given to medical opinion evidence.  *Id*.  The Commissioner argues that the ALJ gave less than controlling weight to Dr. Anderson's opinion, and that the reasons offered by the ALJ for that finding are supported by substantial evidence.  Doc. No. 20 at 5-12.  Moreover, the Commissioner maintains that Claimant's argument is without merit because the Claimant's brief demonstrates that the Claimant understood the ALJ was not giving controlling weight to Dr. Anderson's opinion and was accepting Dr. Barber's opinion.  Doc. No. 20 at 12.

The ALJ's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981) (emphasis added)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

As detailed below, this case is a classic example of how an ALJ's failure to comply with *Winschel's* particularity standard frustrates judicial review and prevents the court from determining whether the Commissioner's final decision is supported by substantial evidence.

In his opinion, the ALJ discusses the following six medical opinions: (1) Dr. Anderson's February 15, 2010 letter (R. 369); (2) Dr. Anderson's July 5, 2010 Lumbar Spine Impairment Questionnaire (R. 406-12); (3) Jeff Oatley, Ph.D.'s April 23, 2009 consultative psychological

evaluation (R. 301-03); (4) Dr. Barber's May 6, 2009 consultative physical medical evaluation (R. 305-12); (5) Dr. Ramon Martinez's January 7, 2011 consultative Psychiatric Impairment Questionnaire (R. 419-26); and (6) Dr. Martinez's January 7, 2011 consultative medical evaluation (R. 427-30). R. 31-33. With the exception of Dr. Oatley's evaluation, the ALJ assigned each of those opinions "appropriate weight." R. 31-33.[1]

As to Dr. Anderson, who treated Claimant on a monthly basis from August 2006 through the date of the ALJ's decision (*see* R. 369), the ALJ states the following:

> In a letter dated February 15, 2010, Dr. Anderson stated that the claimant had been a patient . . . since August of 2006 and was seen monthly for scheduled treatment pain management. He stated that the claimant had a diagnosis of degenerative disc/joint disease and chronic neck pain. Dr. Anderson opined that the claimant was unable to work.
>
> On July 5, 2010, Dr. Anderson completed a Lumbar Spine Impairment Questionnaire. He stated that the claimant had limited range of motion of the lumbar spine with tenderness, muscle spasms, muscle weakness, and positive straight leg raising. However, there was no swelling, abnormal gait, sensory loss, reflex changes, muscle atrophy, crepitus, or trigger points. Dr. Anderson opined that the claimant could sit up to one hour and stand/walk 1/2 in an 8-hour workday, and that she needed to change positions at will. Dr. Anderson opined that the claimant could lift up to five pounds occasionally, but only carry up to two pounds. He opined that the claimant frequently experienced pain or other symptoms severe enough to interfere with attention and concentration, and that she was incapable of even "low stress" work. Dr. Anderson stated that the claimant would be absent from work more than three times a month due to impairments or treatment.
>
> The [ALJ] has considered the opinion of Dr. Anderson and gives it appropriate weight. The [ALJ] notes that Dr. Anderson has a treatment history with the claimant; however, his opinion is not supported by objective medical findings and it is inconsistent with the evidence of record when considered in its entirety. Furthermore, Dr. Anderson's own treatment notes fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled. The [ALJ] also notes that the

---

[1] Although the ALJ discusses Dr. Oatley's opinion, the ALJ made no assignment of weight to it. R. 32.

>claimant's statements and testimony in regards to her activities reveal capabilities that are far in excess of Dr. Anderson's limitations.

R. 31. Thus, the ALJ discusses Dr. Anderson's opinions, affords them "appropriate weight," and provides his reasons for doing so. R. 31.

With respect to Dr. Barber, the ALJ states:

>On May 6, 2009, the claimant underwent a consultative physical examination at the request of the [Commissioner]. Examination of the upper and lower extremities was essentially normal except for decreased range of motion in the bilateral shoulders and bilateral hips. Exam of the back revealed positive low paravertebral muscle spasms and positive point tenderness in bilateral sacroiliac joint. Straight leg raising cause pain at 80 degrees bilaterally. Range of motion was decreased in the lumbar spine in all directions. She walked without difficulty and was able to walk on heels and toes, and squat. Dr. Barber's diagnosis was lumbar degenerative disc disease with low back pain and tobacco disorder. Dr. Barber opined that the claimant could walk, stand, and sit for reasonable periods of time; lift/carry 10 pounds frequently and 20 pounds occasionally; push/pull with upper extremities; and use upper body movements and coordinated activities with hands. The [ALJ] has considered the opinion of Dr. Barber and gives it appropriate weight.

R. 31. Thus, the ALJ discusses Dr. Barber's opinion and gives it "appropriate weight" without any explanation as to the reasons therefor. R. 31.

Regarding Dr. Martinez's opinions, the ALJ states:

>In January of 2011, the claimant underwent an independent psychiatric medical evaluation at the request of his [sic] attorney. She had not received any type of mental health treatment except for a one time examination at the request of the [Commissioner]. She was only taking Xanax, which had been prescribed after her father died 17 years ago when she became depressed; however, she had also been treated with benzodiazepines since then due to generalized anxiety and multiple worries. Upon examination, her speech was clear, coherent, goal directed, and somewhat concrete. Thee [sic] were no auditory of [sic] visual hallucinations, or homicidal or suicidal ideations. Her mood was depressed and her affect was characterized by hopelessness and helplessness. She was alert and oriented times three. Memory was fair for immediate and remote events. Insight, judgment, and impulse control were fair. Dr.

> Martinez's diagnosis was depressive disorder, NOS; generalized anxiety disorder; degenerative joint disease with chronic pain syndrome; and [Global Assessment of Functioning Score] of 50.
>
> Dr. Martinez completed a Psychiatric Impairment Questionnaire identifying the following clinical findings: appetite disturbance with weight change, sleep disturbance, mood disturbance, emotional lability, social withdrawal, decrease energy, recurrent panic attacks, anhedonia, psychomotor agitation, feelings of guilt/worthlessness, difficulty thinking or concentrating, generalized persistent anxiety, somatization, and hostility and irritability. Dr. Martinez opined that the claimant had marked limitations in her ability to understand, remember, and carry out detailed instructions; maintain attentions and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without supervision; interact appropriately with the general public; accept instruction and respond appropriately to criticism from sue4pvisros [sic]; or get along with co-workers or peers without distracting them. Dr. Martinez opined that the claimant had moderate limitations in her ability to remember locations and work-like procedures; understand, remember, and carry out 1-2 step instructions; work in coordination with or proximity to others without being distracted by them; ask simple questions or request assistance; maintain socially appropriate behavior; be aware of normal hazards and take appropriate precautions; travel to unfamiliar places or use public transportation; or set realistic goals or make plans independently.
>
> The [ALJ] has considered the opinion of Dr. Martinez and gives it appropriate weight. The [ALJ] also notes that the the claimant underwent the examination that formed the basis of the opinion not in an attempt to seek treatment for symptoms, but rather, through attorney-referral and in connection with the claim for disability. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced is taken into consideration. The [ALJ] also concludes that Dr. Martinez's opinion is not supported by objective medical findings and it is inconsistent with the evidence of record when considered in its entirety, including statements and testimony from the claimant regarding her activities.

R. 32-33. Thus, the ALJ thoroughly discusses Dr. Martinez's opinions and assigns them "appropriate weight," noting they were obtained by attorney-referral and are not supported by the

record as a whole, including Claimant's subjective statements regarding her activities of daily living. R. 32-33.

At step-two, the ALJ found that Claimant suffers from severe impairments of degenerative disc disease and osteoarthritis of the right shoulder. R. 30. The ALJ found that Claimant suffers from no severe mental impairment and has no restrictions in activities of daily living, no difficulties in maintaining social functioning, and only mild difficulties in maintaining concentration, persistence or pace. R. 30, 32-33. The ALJ determined that Claimant retains the residual functional capacity ("RFC") to perform a restricted range of sedentary work, including the ability to lift 10 pounds occasionally and less than 10 pounds frequently, she can stand or walk 2 hours and sit 6 hours in an 8-hour workday, and she can occasionally climb, balance, stoop, kneel, crouch, crawl, and reach above shoulder level. R. 33-34. Based on the RFC and hypothetical question to the vocational expert, the ALJ found at step-five that Claimant can perform the work of a food and beverage clerk, table worker, and an addresser, and therefore is not disabled. R. 36.

As set forth above, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; or a statement of what the claimant can still do despite his or her impairments; or a statement of the claimant's physical and mental restrictions, the statements are opinions requiring the ALJ to state with particularity the weight given to them and the reasons therefor. *Winschel,* 631 F.3d 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). In the absence of a particularized statement of the weight given to the medical opinions of record, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1178-79. Here, by giving "appropriate weight" to the vastly divergent medical opinions of Drs.

Anderson, Barber, and Martinez, the ALJ clearly departed from *Winschel's* particularity requirement.[2]

In *Varner v. Astrue*, Case No. 3:09-cv-1026-J-TEM, 2011 WL 1196422 at * 11 (M.D. Fla. Mar. 29, 2011), the ALJ had stated that he gave the opinion evidence from two physicians "appropriate weight." *Id*. The court observed that "[t]he word 'appropriate' is not particular, as it means suitable or fitting." *Id*. (internal citations omitted). The court found that ALJ erred by assigning "appropriate weight" to the physicians' opinions without stating with particularity the weight that was given to the opinions. *Id*. This court agrees with the reasoning in *Varner*. The ALJ's decision to give the opinions of Drs. Anders, Barber, and Martinez "appropriate weight" (R. 31-33) is essentially meaningless because it provides no basis for the court to determine the weight the ALJ actually assigned to the opinions. *See also Lapoe v. Colvin*, 2013 WL 1149271 at *12 (M.D. Fla. Mar. 19, 2013) (finding "appropriate weight" is ambiguous and insufficient to guide court in substantial evidence review); *Tirado v. Astrue*, 2012 WL 1207095 at *10 (M.D. Fla. Apr. 11, 2012) (court cannot infer the weight given to opinion). Thus, the court finds that the ALJ erred by failing to state with particularity the weight given to the opinions of Drs. Anderson, Barber, and Martinez. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Even if the court were permitted to ignore *Winschel's* particularity requirement and, based on the totality of the ALJ's decision, infer therefrom that the ALJ assigned Dr. Barber's opinion great weight and rejected or gave very little weight to the opinions of Dr. Anderson and Martinez, the result would be same. Dr. Anderson is a treating physician. Absent good cause, the opinions

---

[2] The court recognizes that Claimant argues that the ALJ erred by giving appropriate weight to the opinions of Drs. Anderson and Barber, but does not raise that same argument with respect to Dr. Martinez. *See* Doc. No. 18 at 12-13, 19-20. The court finds that distinction immaterial because the ALJ's failure to state with particularity the weight given to all of their opinions renders judicial review of the ALJ's ultimate decision impossible. *See Winschel*, 631 F.3d at 1178-79.

of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[3]

Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754 at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Moreover, the ALJ's reliance of the Claimant's everyday activities is misplaced. The Eleventh Circuit has recognized that "participation in everyday activities of short duration, such as housework or fishing," do not disqualify a claimant from disability. *Lewis v. Callahan*, 123 F.3d. 1436, 1441 (11th Cir. 1997).

---

[3] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

In this case, the ALJ assigned Dr. Anderson's opinions "appropriate weight" because they are: (1) "not supported by objective medical findings and it is inconsistent with the evidence of record when considered in its entirety"; (2) his "own treatment notes fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled"; and (3) "the claimant's statements and testimony in regards to her activities reveal capabilities that are far in excess of Dr. Anderson's limitations." R. 31. Each of these reasons are conclusory and fail to direct the court to the evidence supporting the reasons offered by the ALJ.

The Claimant provided approximately sixty (60) pages of testimony (R. 44-104) in which she made numerous assertions of significant limitations. *See generally* R. 58, 66, 68-75, 78-79, 84-86, 88, 91-92, 98-101. Without a specific explanation from the ALJ articulating why Claimant's testimony regarding her activities is inconsistent with Dr. Anderson's opinions, it is impossible for the court to determine whether the ALJ's finding is supported by substantial evidence. In short, while the ALJ offered good cause reasons which would be sufficient to reject or give little weight to Dr. Anderson's opinions if supported by substantial evidence, the ALJ failed to articulate the evidence supporting those reasons. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (court may not reweigh the evidence or decide facts anew). Accordingly, even if the court were permitted to infer that the ALJ actually assigned Dr. Anderson's opinion little weight or rejected it, the reasons for doing so provided by the ALJ are not supported by substantial evidence.[4]

---

[4] Because the Commissioner's final decision is not supported by substantial evidence based on the ALJ's handling of the medical opinion evidence, it is unnecessary to determine whether the ALJ also erred with respect to the credibility determination.

**II.     CONCLUSION.**

Claimant requests reversal and a remand for an award of benefits or, alternatively, a remand for further proceedings. Doc. No. 18 at 24. Based on this record, the court finds that a remand for further proceedings is appropriate.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on January 22, 2014.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Eddy Pierre Pierre, Esq.
Law Offices of Harry J. Binder & Charles E. Binder, P.C.
60 East 42nd Street, Suite 520
New York, New York 10165

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel

Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Brendan F. Flanagan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224